[Cite as *State v. Gilcreast*, 2011-Ohio-2883.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25509 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLEOTTIS GILCREAST | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 05 1492 |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2011

WHITMORE, Judge,

{¶1} Defendant-Appellant, Cleottis Gilcreast, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In the early morning hours of May 5, 2009, the police arrived at Gilcreast's Brittain Road apartment, pursuant to a 911 dispatch. Officer Richard Doney found Gilcreast outside the apartment building, pacing agitatedly. Officer Doney remained outside with Gilcreast while Officer Todd Myers went inside the apartment and spoke with Gilcreast's girlfriend, Katherine Edwards, Edwards' sister, and Edwards' brother-in-law, Ralph Pickett. Edwards had several facial injuries and was still bleeding when the police arrived. She and Pickett both told the police that Gilcreast had attacked her by forcibly shoving her to the ground face first. Edwards further indicated that she wanted to press charges against Gilcreast, and the police arrested him at the scene.

{¶3} On May 20, 2009, a grand jury indicted Gilcreast on two counts of domestic violence, in violation of R.C. 2919.25(A) and R.C. 2919.25(C), respectively. On February 3, 2010, the State filed a motion, asking the court to call Edwards as a witness pursuant to Evid.R. 614. The court held the motion in abeyance until trial and examined Edwards outside the presence of the jury once the May 18, 2010 trial commenced. After conducting a brief examination, the court agreed to call Edwards as a witness. The jury found Gilcreast guilty of both domestic violence counts and further found that he had three prior domestic violence convictions. The court sentenced Gilcreast to four years in prison to run consecutively with another case for a total of eight years.

{¶4} Gilcreast now appeals from his convictions and raises two assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED IN GRANTING THE STATES (sic) REQUEST TO TREAT WITNESS/VICTIM KATHARINE (sic) EDWARDS AS A COURTS (sic) WITNESS PURSUANT TO EVIDENCE RULE 614 (A). IT WAS AN ABUSE OF DISCRETION."

{¶5} In his first assignment of error, Gilcreast argues that the trial court abused its discretion by agreeing to call Katherine Edwards as a witness pursuant to Evid.R. 614. We disagree.

{¶6} A trial court "may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called." Evid.R. 614(A). The court's decision to call a witness as its own is a discretionary one that "will be reversed only for an abuse of such discretion." *State v. Marshall* (Dec. 26, 2001), 9th Dist. No. 01CA007773,

at \*2. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶7} The prosecutor informed the court at trial that she had several conversations with Edwards from which she was able to determine that Edwards no longer wished to cooperate with the State and likely would testify to a different version of the events than she conveyed earlier, both to the police on the day of the incident and to the grand jury when she testified before it. Based on Edwards' anticipated change in testimony, the State requested that the trial court call her as its own witness. Defense counsel objected to the State's request, so the trial court had the State briefly examine Edwards outside the presence of the jury. After determining that Edwards' testimony differed from her previous statements in that she was retreating from her allegations against Gilcreast, the trial court agreed to call her as its own witness pursuant to Evid.R. 614(A).

{¶8} Gilcreast argues that the court abused its discretion by calling Edwards as a witness. Because the State knew what Edwards was going to say at trial, Gilcreast argues, there was no element of surprise so as to justify Edwards' being categorized as a hostile witness that the State could cross-examine. Yet, the State "need not demonstrate surprise in order to cross-examine [] a witness," pursuant to Evid.R. 614(A). *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 22. This Court has specifically recognized that a trial court has the discretion to call a domestic violence victim as its own witness under Evid.R. 614(A) where the victim changes her testimony at trial. *Marshall*, at \*2. The examination of Edwards that was conducted outside the presence of the jury confirmed that Edwards planned on testifying to a different version of the events than she had described previously. The record does not support the conclusion that the court abused its discretion by calling Edwards as a witness. See id. Accord *State v. Arnold*, 2d

Dist. No. 23155, 2010-Ohio-5379, at ¶41-45; *State v. Lather*, 6th Dist. No. S-03-008, 2007-Ohio-2399, at ¶9-12. As such, Gilcreast's first assignment of error is overruled.

Assignment of Error Number Two

"APPELLANT'S CONVICTION FOR TWO COUNTS OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION[.]"

{¶9}    In his second assignment of error, Gilcreast argues that his convictions are against the manifest weight of the evidence. We disagree.

{¶10} In determining whether a conviction is against the manifest weight of the evidence, an appellate court:

> "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175; see, also, *Otten*, 33 Ohio App.3d at 340.

{¶11}  "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). Moreover, "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent

physical harm to [him or her]." R.C. 2919.25(C). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶12} Officer Doney testified that Edwards was crying and appeared to be scared when he saw her on the morning of the incident. Photographs of Edwards, taken at the time of the incident, depict facial injuries and significant bleeding, which was still ongoing when officers arrived. Pickett testified that he saw Gilcreast push Edwards, slap her, and then forcibly grab her from behind and throw her down, thereby causing the facial injuries she sustained. Moreover, Pickett, Officer Myers, and Brian Maxwell, a firefighter who also responded to the scene, all testified that Edwards identified Gilcreast as her attacker and wanted to press charges at the time of the incident. Although Edwards insisted at trial that she sustained her injuries as a result of falling down after her leg "gave out," Officer Myers confirmed that Edwards never told him that she injured herself by falling. Edwards was the only witness at trial who testified that she sustained her injuries as a result of falling down on her own. Edwards' trial testimony conflicted with the statements she gave to the police at the time of the incident.

{¶13} Gilcreast argues that his convictions are against the manifest weight of the evidence because Edwards clearly testified at trial that he did not harm her and that she hurt herself by falling down when her leg "gave out." Yet, Gilcreast's argument ignores the testimony of the other witnesses at trial, all of whom provided testimony from which one could conclude that Gilcreast knowingly harmed Edwards. Although Edwards refused to testify that Gilcreast assaulted her, a victim's recantation is simply a matter of credibility for the jury to consider. See *State v. Brown*, 9th Dist. No. 25287, 2011-Ohio-1041, at ¶14. It is within the

province of the finder of fact to reject a witness' trial testimony and choose to believe, instead, the witness' original statements to the police. See *State v. Lungaro* (Feb. 16, 2000), 9th Dist. No. 2951-M, at *2-3. Based on all the evidence in the record, we cannot conclude that the jury erred by finding Gilcreast guilty of domestic violence. As such, Gilcreast's argument that his convictions are against the manifest weight lacks merit. His second assignment of error is overruled.

### III

**{¶14}** Gilcreast's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

RALPH A. CAPRIOLO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.