[Cite as *State v. Gilcreast*, 2013-Ohio-249.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26311 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLEOTTIS GILCREAST | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 05 1492 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2013

BROGAN, Judge.

## INTRODUCTION

{¶1} Twenty months after Cleottis Gilcreast was convicted of domestic violence, he moved for leave to file a delayed motion for new trial based on newly discovered evidence. The trial court denied the motion without a hearing, and Mr. Gilcreast appealed. This Court affirms the decision of the trial court because Mr. Gilcreast did not carry his burden to show by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within 120 days of the verdict.

## BACKGROUND

{¶2} Mr. Gilcreast was charged with domestic violence after police were called to his apartment in the early morning hours of May 5, 2009. When police arrived, they found that Mr. Gilcreast's girlfriend, Katherine Edwards, had visible facial injuries. Ms. Edwards told police that Mr. Gilcreast had attacked her, and her sister and brother-in-law, Ralph Pickett, told police

that they had witnessed the attack. By the time of the trial, however, Ms. Edwards refused to cooperate with the State, and the trial court called her as its own witness under Rule 614(A) of the Ohio Rules of Evidence. At trial, Mr. Pickett and some police officers testified on behalf of the State. Ms. Edwards testified that Mr. Gilcreast had not attacked her.

{¶3}    In May 2010, a jury convicted Mr. Gilcreast of two counts of domestic violence and found that he had been previously convicted of domestic violence on three other occasions. Mr. Gilcreast appealed his convictions. In June 2011, this Court affirmed the judgment of the trial court. *State v. Gilcreast*, 9th Dist. No. 25509, 2011-Ohio-2883. Several months later, this Court denied his application to reopen his appeal. In January 2012, Mr. Gilcreast, acting pro se, moved the trial court for leave to file a delayed motion for a new trial based on newly discovered evidence. The trial court denied his motion, and Mr. Gilcreast has timely appealed that decision.

LEAVE TO MOVE FOR A NEW TRIAL

{¶4}    Mr. Gilcreast's fifth assignment of error is that the trial court incorrectly denied his motion for leave to move for a new trial. Under Rule 33(A)(6) of the Ohio Rules of Criminal Procedure, "[a] new trial may be granted on motion of the defendant . . . [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." A motion for new trial based on newly discovered evidence must be filed within 120 days after the day the verdict was rendered, unless the defendant shows "by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120–day period]." Crim. R. 33(B). "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *State v. Covender*, 9th Dist. No. 07CA009228, 2008–Ohio–1453, ¶ 6, quoting *State*

*v. Mathis*, 134 Ohio App.3d 77, 79 (1999), *overruled on other grounds*, *State v. Condon*, 157 Ohio App.3d 26, 2004–Ohio–2031 (1st Dist.). "A defendant is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009–Ohio–397, ¶ 54.

{¶5} Mr. Gilcreast's motion for leave to file a motion for new trial, filed 20 months after his convictions, did not meet the 120–day deadline for the submission of newly discovered evidence. Crim. R. 33(B). He, therefore, had to show, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence on which he relied within the 120–day period. *Id.*; *State v. Holmes*, 9th Dist. No. 05CA008711, 2006–Ohio–1310, ¶ 10. In his motion, Mr. Gilcreast requested a hearing "at which he may be able to demonstrate he could not have filed this motion within the (120) days via Crim.R. 33." In the attached affidavit, Mr. Gilcreast testified that, at the hearing on the motion, he intended to "present witnesses to verify [the] fact [that] [he] was unable to obtain [his] new trial evidence within (120) days." He did not identify the witnesses or describe the expected testimony.

{¶6} Mr. Gilcreast supported his motion for leave to file a new trial motion with his argument that Ms. Edwards did not sign anything on the night of the incident and later denied that she had ever spoken with police about what happened. He also argued that Ms. Edwards' brother-in-law, Ralph Pickett, had lied at trial. Many of the documents attached to his motion seemed calculated to attack Mr. Pickett's credibility. Mr. Gilcreast attached to his motion various documents, including type-written notes referring to allegedly contradictory trial testimony and a letter dated August 4, 2011, informing Mr. Gilcreast that a search of official records from 2000 forward revealed that Ralph Pickett and Anita Edwards had not applied for a

marriage license in Summit County. He also attached a letter from the Secretary of State dated August 15, 2011, informing him that it had no record of Ralph Pickett being licensed to solemnize marriages in the State of Ohio. Mr. Gilcreast attached various documents showing that he had participated in an outpatient group psychotherapy session the day before the incident with Ms. Edwards and that his urine had tested negative for various drugs at that time. He included a handwritten letter from his father explaining that, in his opinion as a professional auto mechanic, Mr. Gilcreast had correctly installed spark plugs on Mr. Pickett's car. Mr. Gilcreast did not present any evidence or even make any argument in his motion in an effort to prove that he was unavoidably prevented from discovering any of this evidence within the 120-day deadline.

{¶7} The State opposed Mr. Gilcreast's motion for leave to move for a new trial, arguing that he had not shown by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence. Mr. Gilcreast did not allege any facts in his motion that suggested that he could not have gathered the newly offered evidence within the 120–day period. Thus, he did not carry his burden to clearly and convincingly demonstrate that he was unavoidably prevented from discovering the evidence before the deadline had passed. Mr. Gilcreast was not entitled to a hearing on his motion because he failed to "submit[ ] documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009–Ohio–397, ¶ 54. Mr. Gilcreast's motion did not warrant a hearing, and the trial court correctly denied it. His fifth assignment of error is overruled.

RES JUDICATA

{¶8} The doctrine of "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that [were] raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 59. Each of the arguments that Mr. Gilcreast has made in his first, second, and fourth assignments of error could have been made in his direct appeal. We, therefore, conclude that they are barred by the doctrine of res judicata. Mr. Gilcreast's third assignment of error is that his sentence in an earlier 2008 case is void. This Court cannot consider an argument about his 2008 case in the context of his appeal of the trial court's denial of his motion for leave to file a new trial motion in this 2009 case. Mr. Gilcreast's assignments of error are overruled.

## CONCLUSION

{¶9} Mr. Gilcreast's assignments of error are overruled. The trial court correctly denied his motion for leave to file a delayed motion for new trial. Three of his assignments of error are barred by res judicata and the fourth is not relevant to this appeal from trial court case number CR-2009-05-1492. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JAMES BROGAN
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

CLEOTTIS GILCREAST, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.