DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas Holmes, appeals from the judgment of the Lorain County Court of Common Pleas denying his motion for leave to file a delayed motion for new trial and related motions. This Court affirms.
 I. {¶ 2} On January 24, 2001, the Lorain County Grand Jury indicted Appellant on two counts of felonious assault, violations of R.C. 2903.11(A)(2), felonies of the second degree, and one count of domestic violence, a violation of R.C. 2919.25(A), a felony of the fifth degree.
 {¶ 3} On February 6, 2001, a superseding indictment was filed. Appellant was charged with two counts of felonious assault, violations of R.C. 2903.11(A)(2), felonies of the second degree, of which one count contained a firearm specification; one count of domestic violence, a violation of R.C. 2919.25(A), a felony of the fifth degree; and one count of intimidation, a violation of R.C. 2921.04(B), a felony of the third degree.
 {¶ 4} On February 12, 2001, Appellant's case proceeded to trial before a jury. The jury returned a guilty verdict on all counts and the specification on February 15, 2001. On the same day, Appellant was sentenced to an aggregate term of twenty-three years incarceration. Appellant filed a notice of appeal on March 13, 2001. This Court affirmed Appellant's conviction and sentence on January 30, 2002. See State v. Holmes (Jan. 30, 2002), 9th Dist. No. 01CA007805.
 {¶ 5} On June 30, 2001, Patty Holmes, Appellant's wife and the victim herein, died in an apartment fire. In early July 2001, Appellant received a package from the Ohio Public Defender's officer which contained the following: (1) an undated letter purportedly written by Ms. Holmes[1] and addressed to Siobhan O'Keeffe, an Assistant State Public Defender, (2) the handwritten notes allegedly written by Lorain County Prosecutors detailing the sequence of events of the case, (3) a letter dated June 12, 2001 from Ms. O'Keeffe to Ms. Holmes acknowledging receipt of Ms. Holmes' letter and (4) a letter dated July 5, 2001 from Ms. O'Keeffe to Appellant. In Ms. Holmes' letter she explained that Appellant did not commit the crimes for which he was convicted. The letter goes on to state that she was coerced by the State into signing the complaint and testifying in accordance with the complaint. Ms. Holmes also included three pages of handwritten notes which she claimed were given to her by the Lorain County Prosecutors after she told them that the alleged abuse did not actually happen. In the letter, Ms. Holmes stated that the prosecutors told her to review the notes before testifying in court because "that was the way things happened" and that she should stick to this story. According to the letter, Ms. Holmes' testimony was contrary to the facts.
 {¶ 6} On April 5, 2005, Appellant filed motions for appointment of counsel, to issue subpoenas, for leave to file a delayed motion for new trial, for a finding that Appellant was unavoidably prevented from discovering new evidence and a delayed motion for new trial pursuant to Crim.R. 33(B). Appellant supported his motion for leave to file a delayed motion for new trial with the following exhibits: (1) the undated letter purportedly written by Ms. Holmes and addressed to Ms. O'Keeffe (2) the alleged handwritten notes of Lorain County Prosecutors regarding the sequence of events of the case, (3) the June 12, 2001 letter from Ms. O'Keeffe to Ms. Holmes and (4) the July 5, 2001 letter from Ms. O'Keeffe to Appellant, (5) Ms. Holmes' death certificate, (6) portions of the transcripts from the preliminary hearing and (7) Mr. Holmes' affidavit. The trial court denied Appellant's motions on April 7, 2005, finding that the issues raised by Appellant could have been raised during the trial proceedings or on direct appeal. On April 28, 2005, Appellant filed his notice of appeal with this Court, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION TO THE PREJUDICE OF [APPELLANT] WHEN IT RELIED UPON THE DOCTRINE OF RES JUDICATA AS A BASIS TO DENY [APPELLANT'S] MOTION FOR LEAVE TO FILE DELAYED MOTION FOR NEW TRIAL -AND- WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE WITHOUT CONDUCTING A HEARING FOR A DETERMINATION OF UNAVOIDABLE PREVENTION."
 {¶ 7} In his sole assignment of error, Appellant asserts that the trial court's denial of his motion for leave to file a delayed motion for new trial was an abuse of discretion. Specifically, Appellant argues that newly discovered evidence exonerates him and that the trial court erred in relying on res judicata as a basis for denying his motion. Appellant additionally contends that the trial court erred in denying his motion for leave without conducting a hearing for a determination of unavoidable prevention. Appellant's assertions lack merit.
 {¶ 8} A trial court's decision to grant or deny such a motion will not be reversed on appeal absent an abuse of discretion.State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. "Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion." State v. Starling, 10th Dist. No. 01AP-1344, 2002-Ohio-3683, at ¶ 10 citing State v. Hensley, 12th Dist. No. CA2002-01-002, 2002-Ohio-3494, at ¶ 7, following State v. Smith
(1986), 30 Ohio App.3d 138, 139. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} Pursuant to Crim.R. 33(A)(6), a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) governs the procedure a trial court must follow in considering a motion for a new trial on account of newly discovered evidence and provides in pertinent part:
"Motions for [a] new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 10} A review of the record reveals that Appellant's motion for leave was filed nearly four years after the time he was required to file it. Because Appellant's motion was clearly untimely, he was therefore required to demonstrate that he was unavoidably prevented from discovering this new evidence within the 120 day period. Crim.R. 33(B). In accordance with this requirement, Appellant filed a motion with the trial court for leave to file a delayed motion for new trial in which he included a motion for a court order finding that he was unavoidably prevented from ascertaining the newly discovered evidence within the 120 day time limitation. However, in conjunction with his motion for leave to file a delayed motion for new trial, he also filed a motion for new trial. In its April 7, 2005 order, the trial court collectively denied all of Appellant's motions including the motions for leave to file a delayed motion for new trial, for a finding that he was unavoidably prevented from discovering new evidence, and for new trial.
 {¶ 11} Upon review, we are mindful that the proper procedure for ruling on a motion for new trial filed under Crim.R. 33(B) calls for an initial determination that there was unavoidable delay. State v. Georgekopolous, 9th Dist. No. 21952,2004-Ohio-5197, at ¶ 7. Here, the trial court entered judgment on both Appellant's motion for leave to file a delayed motion for new trial, which included a motion for an order finding unavoidable prevention, and motion for new trial, at the same time. However, we find that the trial court's error in collectively entering judgment on Appellant's motions is harmless as the trial court's denial of Appellant's motion for new trial is dispositive of the unavoidable delay issue.
 {¶ 12} Appellant contends that the trial court erred in relying upon res judicata as a basis for denying his motion. In the trial court's April 7, 2005 judgment entry in which it denied all of Appellant's motions, it found that "the issues raised by Defendant could have been raised during the trial court proceedings or direct appeal." According to Appellant's timeline, because he did not obtain this evidence until July 5, 2001, he could not have raised the issue of this newly discovered evidence during the February 2001 trial and was therefore precluded from raising it on appeal. The timeline presented by Appellant demonstrates that Appellant could not, with reasonable diligence, have discovered and produced this information at trial — hence the characterization of this information as "newly discovered evidence." [Emphasis added.] While we find merit in this contention, we nonetheless find that the trial court did not abuse its discretion in denying Appellant's motions.
 {¶ 13} When a motion for new trial is based on newly discovered evidence, "the defendant must produce * * * the affidavits of the witnesses by whom such evidence is expected to be given[.]" Starling, at ¶ 9, quoting Crim.R. 33(A)(6). Affidavits must be presented to inform the trial court of the substance of the evidence that would be used if a new trial were to be granted. State v. Shepard (1983), 13 Ohio App.3d 117,118.
 {¶ 14} In the present case, the newly discovered evidence, which is in the form of a letter allegedly written by Ms. Holmes to Ms. O'Keeffe and notes allegedly written by Lorain County Prosecutors, does not satisfy the necessary requirements to warrant a new trial. The evidence is not presented by way of affidavit of any of the witnesses by whom such evidence is expected to be given. See Crim.R. 33(A)(6). As Ms. Holmes did not execute an affidavit prior to her passing, Appellant was compelled to present this evidence through another witness who could testify regarding this "newly discovered evidence." The only affidavit appearing in the record with Appellant's motion for new trial is an affidavit by Appellant in which he mainly relies upon inadmissible hearsay evidence.
 {¶ 15} "To warrant the granting of a new trial, the new evidence must, at the very least, disclose a strong probability that it will change the result if a new trial is granted."Starling, supra, at ¶ 13. The petitioner has the burden of demonstrating that the newly discovered evidence created a strong probability of a different result if a new trial was granted. Id. citing State v. Luckett (2001), 144 Ohio App.3d 648, 661. Given that Appellant's motion was supported only by his affidavit, which was largely based upon hearsay, and unverified documents, the trial court could have reasonably determined that the evidence submitted did not create a strong probability that it would change the result if a new trial was granted.
 {¶ 16} Furthermore, we find no merit to Appellant's contention that the trial court erred in denying his motion without conducting a hearing. Despite Appellant's contention, such a hearing is discretionary and not mandatory. Hensley, at ¶ 7. There is no evidence that the trial court acted unreasonably, capriciously or arbitrarily by not holding a hearing on Appellant's motion, especially because his motion is supported solely by his affidavit and unverified documents.
 {¶ 17} Accordingly, we find that the trial court did not abuse its discretion when it denied Appellant's motions for leave to file a delayed motion for new trial and/or motion for a new trial because: (1) the motions did not meet the requirements of Crim.R. 33(A)(6), and (2) Appellant failed to meet his burden establishing that the new evidence created a strong probability of a different result if the motions were granted. Therefore, Appellant's sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
 III. {¶ 18} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. concurs.
[1] The letter was signed "Patty E. Holmes" and included the address where she was residing at the time of her death.