[Cite as *State v. Davis*, 2013-Ohio-846.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.   12CA010256 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| IAN R. DAVIS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE Nos.   91CR040924 93CR043666 |

DECISION AND JOURNAL ENTRY

Dated: March 11, 2013

MOORE, Presiding Judge.

{¶1}   Defendant-Appellant, Ian R. Davis (a.k.a. Benson Davis), appeals from the judgment of the Lorain County Court of Common Pleas which denied his motion for leave to file a delayed motion for a new trial.  We affirm.

I.

{¶2}   In 1994, a jury convicted Mr. Davis of aggravated murder and felonious assault for his participation in the brutal killing of Marsha Blakely.  Based upon his convictions, the trial court sentenced Mr. Davis to life imprisonment.  Mr. Davis directly appealed, and this Court affirmed the trial court's decision.  *See State v. Davis*, 9th Dist. No. 94CA005989, 1996 WL 121998, *1 (Mar. 20, 1996).   In 1998, Mr. Davis filed a delayed motion for a new trial pursuant to Crim.R. 33(A)(2) and (6). The trial court denied his motion and this Court affirmed the trial court's decision because "[Mr.] Davis made no attempt to show the trial court why he was

unavoidably prevented from discovering the evidence before January 20, 1995." *State v. Davis*, 9th Dist. No. 98CA007062, 1999 WL 194473, *1 (Mar. 31, 1999).

{¶3} Approximately fourteen years later, Mr. Davis again moved the trial court for leave to file a delayed motion for a new trial. He attached the following evidence in support of his motion: (1) his own affidavit claiming innocence, (2) a copy of AT&T long distance telephone records from New York State to Lorain, Ohio, dated June 27th to August 10th, without any verifying information regarding the year these calls were made or the number from which these calls were made, (3) a copy of an investigative report regarding inmate William Avery's statements about a corrections officer allegedly allowing one of Mr. Davis' co-defendants to threaten him in jail, and (4) the affidavit of William Avery, the State's witness, recanting his former testimony that he witnessed Marsha Blakely's murder. The trial court denied Mr. Davis' motion for leave to file a delayed motion for a new trial.

{¶4} Mr. Davis timely appealed, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND VIOLATED [] [MR. DAVIS'] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT[S] WHEN IT DENIED [] [HIS] MOTION FOR LEAVE TO FILE DELAYED MOTION FOR NEW TRIAL WITHOUT DETERMINING WHETHER [] [HE] WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE WITHIN 120 DAYS OF THE JURY'S VERDICT AS MANDATED PURSUANT TO CRIM.R. 33(B)[.]

{¶5} In his first assignment of error, Mr. Davis contends that the trial court erred in denying his motion for leave to file a delayed motion for a new trial without first holding a hearing to determine whether there was sufficient evidence to satisfy the unavoidable delay standard. We disagree.

**{¶6}** A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion. *State v. Holmes*, 9th Dist. No. 05CA008711, 2006-Ohio-1310, ¶ 8, citing *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. "'Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion.'" *Holmes* at ¶ 8, quoting *State v. Starling,* 10th Dist. No. 01AP-1344, 2002-Ohio-3683, ¶ 10, citing *State v. Hensley,* 12th Dist. No. CA2002-01-002, 2002-Ohio-3494, ¶ 7. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶7}** Pursuant to Crim.R. 33(A)(6), a new trial may be granted on the motion of the defendant "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Further, Crim.R. 33(B) states, in relevant part, that if the basis of the motion is newly discovered evidence, it:

> shall be filed within one hundred twenty days after the day upon which the verdict was rendered[.] If it is made to appear by *clear and convincing proof* that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the [trial] court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

(Emphasis added.) Additionally, "'[c]lear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *State v. Gilcreast*, 9th Dist. No. 26311, 2013-Ohio-249, ¶ 4, quoting *State v. Covender*, 9th Dist. No. 07CA009228, 2008-Ohio-1453, ¶ 6, quoting *State v. Mathis*, 134 Ohio App.3d 77, 79 (1st Dist.1999), overruled on other grounds. Finally, "[u]navoidable delay results when the party had no knowledge of the existence of the

ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *Covender* at ¶ 14, quoting *State v. Rodriguez–Baron*, 7th Dist. No. 12-MA-44, 2012-Ohio-5360, ¶ 11.

**{¶8}** Here, Mr. Davis moved for leave to file a delayed motion for a new trial based upon newly discovered evidence approximately 18 years after the verdict was rendered in this matter. In his motion, Mr. Davis stated that he was unavoidably prevented from discovering the new evidence because: (1) his trial counsel intentionally suppressed and/or withheld the AT&T telephone records, and (2) the State intentionally withheld and/or suppressed the county jail's investigative report with regard to whether the State's witness, William Avery, Jr., was threatened by a co-defendant in this case. Also, according to Mr. Davis' affidavit, he obtained the AT&T telephone records in October of 2011, by filing a request with the clerk of the Supreme Court of New York County, and he received the jail's investigative report from a co-defendant in November of 2011.

**{¶9}** First, the record clearly indicates that Mr. Davis was aware of the existence of the AT&T telephone records during the 1994 trial because both he and his girlfriend testified that he made these telephone calls from New York to Ohio on and after the date Marsha Blakely was murdered. Further, in his affidavit, Mr. Davis states that his "trial counsel had [the phone records] originally, but claimed that he lost this document and could not obtain it again." Inasmuch as Mr. Davis obtained these telephone records in October of 2011 simply by requesting them from the New York clerk of courts, we see nothing to indicate that he could not have requested the records within one hundred and twenty days after the verdict was rendered. Further, upon obtaining the AT&T telephone records, Mr. Davis waited an additional eight months to file his motion.

{¶10} Although "Crim.R. 33(B) does not provide a specific time limit for the filing of a motion for leave to file a delayed motion for new trial[,] * * * Ohio courts have adopted a reasonableness standard." *State v. Cleveland*, 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 49. "If there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay." (Internal quotations omitted.) *Id*. In the present matter, Mr. Davis' motion and affidavit fail to provide clear and convincing proof as to why he was unavoidably prevented from discovering the telephone records in a timely manner. Also, Mr. Davis provides no explanation as to why it was reasonable for him to wait an additional eight months to file his motion for leave after obtaining the telephone records.

{¶11} Second, the record indicates that Mr. Davis acquired both the jail investigative report, and Mr. Avery's affidavit recanting his trial testimony in November of 2011. Although the jail investigative report is dated December 23, 1991, and Mr. Avery's affidavit was signed in February of 2006, Mr. Davis claims that he did not obtain this evidence until 2011. Mr. Davis does not provide clear and convincing proof as to why he was unavoidably prevented from discovering this evidence in a timely manner. Further, Mr. Davis waited an additional seven months after discovering this evidence to file his motion for leave. Again, Mr. Davis provides no explanation regarding the reasonableness of his actions in waiting seven additional months to file his motion.

{¶12} Based upon the record before us, we conclude that Mr. Davis did not meet his burden of providing clear and convincing proof that he was unavoidably prevented from discovering this evidence within the requisite time frame after the verdict was rendered, or that he filed his motion for leave to file a delayed motion for new trial within a reasonable time after

obtaining the newly discovered evidence. Further, a hearing on the motion was not warranted because the evidence, on its face, did not support Mr. Davis' claim that he was unavoidably prevented from timely discovery of the evidence. *See State v. Cleveland,* 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54 (stating that the appellant was not entitled to a hearing on his motion where he failed to "submit[] documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue."). Therefore, the trial court did not abuse its discretion in denying Mr. Davis' motion without a hearing.

{¶13} We also note that Mr. Davis makes several arguments regarding the merits of his delayed motion for a new trial, including: (1) prosecutorial misconduct (2) ineffective assistance of trial counsel, and (3) the recantation of testimony. Because Mr. Davis' delayed motion for a new trial is not properly before this court, we decline to address these arguments at this time.

{¶14} Mr. Davis' sole assignment of error is overruled.

### III.

{¶15} In overruling Mr. Davis' sole assignment of error, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

IAN DAVIS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.