[Cite as *State v. Gilliam*, 2014-Ohio-5476.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.      14CA010558 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES GILLIAM | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.      95CR047538 |

DECISION AND JOURNAL ENTRY

Dated: December 15, 2014

---

BELFANCE, Presiding Judge.

{¶1}   Defendant-Appellant, James Gilliam, appeals from his convictions in the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 1995, Mr. Gilliam was arrested in connection with a fire that was set in his home while his wife, her children, and a family friend were present.

> Testimony indicated that the Gilliams' marriage had been conflictual, and that as of April 1995, [Mr. Gilliam] was no longer permanently residing with his wife. The days preceding the fire marked an escalation in the conflict.  [Mr. Gilliam] was alleged to have physically assaulted both Mrs. Gilliam and her daughter, [G.D.], on July 3, 1995.  According to the testimony given, [Mr. Gilliam] threatened to "give [them] something to call the police for" and to "burn [the house] down with all of [them] in it."  Eyewitnesses testified at trial that [Mr. Gilliam] later entered the home with a can of gasoline, which he poured along the hallway and living room floor and ignited with a cigarette lighter.  [Mr. Gilliam], and the other family members, then fled the house.

*State v. Gilliam*, 9th Dist. Lorain No. 97CA006757, 1998 WL 487085, *1 (Aug. 12, 1998).

**{¶3}** In 1997, Mr. Gilliam was convicted of aggravated arson, domestic violence, three counts of felonious assault, and multiple specifications for having been previously convicted of an aggravated felony or substantially equivalent offense. The trial court sentenced him to 15 to 25 years in prison, and this Court affirmed his convictions on direct appeal. *See id.*

**{¶4}** In February 2014, Mr. Gilliam filed a motion for leave to file a motion for a new trial as well as a motion for a new trial. He argued that the court should afford him a new trial because he had discovered that, during the course of his first trial, the State had withheld exculpatory evidence from him. Specifically, he claimed that the State had withheld the results of controlled voice stress analysis ("CVSA") tests that he and several other witnesses had agreed to undergo during the investigation of the fire. According to Mr. Gilliam, the test results tended to show that he did not set the fire and that the witnesses who testified against him gave false testimony.

**{¶5}** On November 21, 2014, the trial court simultaneously issued two separate journal entries. In one entry, the court denied Mr. Gilliam's motion for leave to file a motion for new trial. In the other, the court denied his motion for a new trial.

**{¶6}** Mr. Gilliam's appeal of both entries is now before this Court in which he raises two assignments of error for our review. For ease of analysis, we consolidate his assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE STATE'S PERVASIVE MISCONDUCT DURING THE COURSE OF THE APPELLANT'S ENTIRE MERITS EITHER A REVERSAL OF APPELLANT'S CONVICTION OR A NEW TRIAL. (Sic.)

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL WHERE THE MISCONDUCT OF THE PROSECUTING ATTORNEY MATERIALLY AND PREJUDICIALLY INTERFERRED (sic) WITH APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL TRIAL AS MANDATED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 5 AND 16 OF THE OHIO CONSTITUTION.

{¶7} In his assignments of error, Mr. Gilliam argues that the court erred when it denied his motion for a new trial. He argues that the State violated his due process rights by withholding material, exculpatory evidence from him during his trial. He further argues that he was unavoidably prevented from discovering the evidence until November 2013 because the State long denied its existence and public record requests for the information he sought were not available until 2007.

{¶8} "A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial will not be reversed on appeal absent an abuse of discretion." *State v. Davis*, 9th Dist. Lorain No. 12CA010256, 2013-Ohio-846, ¶ 6. Likewise, we apply an abuse of discretion standard of review to (1) a court's decision on whether to hold a hearing on a motion for leave to file a delayed motion for new trial, *id.*, quoting *State v. Holmes*, 9th Dist. Lorain No. 05CA008711, 2006-Ohio-1310, ¶ 8, and (2) its ultimate decision to grant or deny the underlying motion for new trial. *State v. Jones*, 9th Dist. Summit No. 26568, 2013-Ohio-2986, ¶ 8. An abuse of discretion implies the trial court's decision is arbitrary, capricious, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Crim.R. 33(A) allows a defendant to move for a new trial when his substantial rights have been materially affected. One basis upon which a defendant may seek a new trial is prosecutorial misconduct. Crim.R. 33(A)(2). Another basis exists "[w]hen new evidence

material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Motions for new trial must be filed within 14 days after the verdict was rendered, "except for the cause of newly discovered evidence." Crim.R. 33(B). "A motion for new trial based on newly discovered evidence must be filed within 120 days after the day the verdict was rendered, unless the defendant shows 'by clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely [within the 120-day period].'" *State v. Gilcreast*, 9th Dist. Summit No. 26311, 2013-Ohio-249, ¶ 4, quoting Crim.R. 33(B). "'Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *State v. Covender*, 9th Dist. Lorain No. 07CA009228, 2008-Ohio-1453, ¶ 6, quoting *State v. Mathis*, 134 Ohio App.3d 77, 79 (1st Dist.1999), *overruled on other grounds*, *State v. Condon*, 157 Ohio App.3d 26, 2004-Ohio-2031 (1st Dist.).

{¶10} Although "Crim.R. 33(B) does not provide a specific time limit for the filing of a motion for leave to file a delayed motion for new trial[,] * * * Ohio courts have adopted a reasonableness standard." *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49. "If there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay." (Internal quotations and citations omitted.) *Id.* "'Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence.'" *State*

*v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 14, quoting *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶ 11.

{¶11} Initially, we note that the trial court here simultaneously entered judgment on both Mr. Gilliam's motion for leave to file a delayed motion for new trial and his motion for new trial. "Crim.R. 33(B) calls for an initial determination that there was unavoidable delay." *Holmes*, 2006-Ohio-1310, at ¶ 11. "Although a defendant may file his motion for a new trial along with his request for leave to file such motion, the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay." (Internal quotations and citations omitted.) *Covender*, 2012-Ohio-6105, at ¶ 13. Consequently, the trial court erred by collectively entering judgment on Mr. Gilliam's motions. "However, we find that the trial court's error in collectively entering judgment on [his] motions is harmless as the trial court's denial of [his] motion for new trial is dispositive of the unavoidable delay issue." *Holmes* at ¶ 11.

{¶12} "To warrant the granting of a new trial, the new evidence must, at the very least, disclose a strong probability that it will change the result if a new trial is granted." (Internal quotations and citations omitted.) *Cleveland* at ¶ 57. A new trial movant bears the burden of demonstrating this strong probability. *Id.* Crim.R. 33(A)(6) requires a movant to "produce * * * the affidavits of the witnesses by whom [newly discovered] evidence is expected to be given * * *." *Holmes* at ¶ 13, quoting Crim.R. 33(A)(6). "Affidavits must be presented to inform the trial court of the substance of the evidence that would be used if a new trial were to be granted." *Holmes* at ¶ 13.

{¶13} As stated above, Mr. Gilliam sought a new trial based on his recent discovery of the results of the CVSA tests that he and several other witnesses took before his trial. According to Mr. Gilliam, the test results evidenced the fact that he did not set fire to his house and that the

witnesses who testified against him at trial gave false testimony. Yet, Mr. Gilliam failed to attach any affidavits to his motion for a new trial. *See* Crim.R. 33(A)(6). Instead, he attached two exhibits without authenticating either exhibit.

{¶14} The first exhibit attached to Mr. Gilliam's motion for new trial consists of three typewritten pages and appears to be a report from an unidentified member of an unidentified law enforcement agency. The report discusses two of the responses that Mr. Gilliam gave during his CVSA test, as well as two of the responses that one of the witnesses gave. With regard to the witness, the report indicates that he did not show any signs of deception in the responses he gave. In those responses, the witness indicated that he saw Mr. Gilliam pour something onto the floor of his house. The witness also indicated that he believed the container he saw Mr. Gilliam holding while he poured the substance onto the floor was a gasoline container. As such, his responses suggested that Mr. Gilliam set fire to his home. It is, therefore, unclear why Mr. Gilliam believed that the results of the witness' CSVA test would have helped to undermine the witness' testimony.

{¶15} With regard to Mr. Gilliam, the report indicates that he showed no sign of deception in his response when he denied setting fire to his house. The report also indicates, however, that Mr. Gilliam did show signs of deception in his response when he denied having poured gasoline on the floor of his house. It further indicates: "After asking Mr. Gilliam about the fact did he pour the gas on the floor he advised that he was not at the house * * * at that time." Thus, at best, Mr. Gilliam's CVSA test produced mixed results.

{¶16} The second exhibit Mr. Gilliam attached to his motion is labeled "Elyria Police Department Evidence Technician Prosecution Summary Report" and consists of a single typewritten page. The exhibit lists, among the evidence collected by the police department, the

results of the CVSA tests conducted on Mr. Gilliam, his wife, and one other individual. Yet, the test results themselves are not a part of the exhibit.

{¶17} Given that Mr. Gilliam did not support his motion for new trial with any affidavits and that he only provided the trial court with unverified documents of questionable origin and evidentiary value, the court "could have reasonably determined that the evidence submitted did not create a strong probability that it would change the result if a new trial was granted." *Holmes*, 2006-Ohio-1310, at ¶ 15. Thus, even assuming that Mr. Gilliam proved he was unavoidably prevented from discovering the evidence upon which he based his motion for a new trial, we cannot conclude that the court abused its discretion in ultimately denying his motion. His motion did not meet the requirements of Crim.R. 33(A)(6) and he failed to meet his burden of establishing that new evidence created a strong probability of a different result. As such, the trial court did not act arbitrarily, capriciously, or unreasonably in denying his motion for leave to file a delayed motion for new trial and/or motion for new trial. *See id.* at ¶ 17. Mr. Gilliam's assignments of error are overruled.

### III.

{¶18} Mr. Gilliam's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.

JAMES GILLIAM, pro so, Appellant.