[Cite as *State v. Jalowiec*, 2019-Ohio-2059.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

STANLEY JALOWIEC

    Appellant

C.A. No.     17CA011166

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     95CR046840

DECISION AND JOURNAL ENTRY

Dated: May 28, 2019

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Stanley Jalowiec appeals the judgment entry of the Lorain County Court of Common Pleas denying his motion for leave to file a motion for a new mitigation trial.

I.

{¶2} Jalowiec was sentenced to death in 1996 for the aggravated murder of R.L. This case has a long and complicated procedural history, the facts of which have been previously set out in *State v. Jalowiec*, 9th Dist. Lorain No. 14CA010548, 2015-Ohio-5042, ¶ 7-18 and *State v. Jalowiec*, 91 Ohio St.3d 220, 220-224 (2001). The Supreme Court of Ohio affirmed Jalowiec's conviction and sentence of death. *Jalowiec*, 91 Ohio St.3d at 240. The appellate history also includes: *State v. Jalowiec*, 9th Dist. Lorain No. 96CA006445; 1998 WL 178554 (Apr. 15, 1998) (direct appeal; affirming conviction); *State v. Jalowiec*, 9th Dist. Lorain Nos. 01CA007844, 01CA007847, 2002 WL 358637 (Mar. 6, 2002) (appeal of dismissal of motion for postconviction

relief and three subsequent amended motions for postconviction relief), appeal not accepted, 96 Ohio St.3d 1439, 2002-Ohio-3344; *Jalowiec v. Bradshaw*, N.D.Ohio No. 1:03 CV 0645, 2008 WL 312655 (Jan. 31, 2008) (denial of petition for writ of habeas corpus); *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir.2011) (affirming denial of writ of habeas corpus); *Jalowiec*, 2015-Ohio-5042 (affirming denial of motion for new trial), appeal not accepted, 149 Ohio St.3d 1405, 2017-Ohio-2822.

{¶3} In January 2017, Jalowiec filed a motion for leave to file a motion for a new mitigation trial pursuant to Crim.R. 33 and *Hurst v. Florida*, 136 S.Ct. 616 (2016). Attached to the motion was Jalowiec's proposed motion for a new mitigation trial. The State responded in opposition. The trial court ultimately denied the motion for leave to file the motion for a new mitigation trial.

{¶4} Jalowiec filed this timely appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred when it denied Jalowiec leave to file a motion for new trial seeking to assert a constitutional challenge to Ohio's death penalty scheme based on the United States Supreme Court Ruling in *Hurst*.**

{¶5} In his first assignment of error, Jalowiec contends that the trial court abused its discretion when it denied him leave to file a motion for a new mitigation trial based on *Hurst* because his motion established by clear and convincing evidence that he was unavoidably delayed from presenting the basis for a new trial within fourteen days of the verdict in this case.

{¶6} Jalowiec filed his motion for leave to file a motion for a new mitigation trial pursuant to Crim.R. 33, which states that an application for a new trial shall be made by motion within fourteen days after the verdict is rendered, "unless it is made to appear by clear and

convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * * ." This Court has recognized that "'[a]lthough a defendant may file his motion for a new trial along with his request for leave to file such motion, the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay.'" *State v. Gilliam*, 9th Dist. Lorain No. 14CA010558, 2014-Ohio-5476, ¶ 11, quoting *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 13. Although a trial court may err by collectively entering judgment on a motion for leave to file and the motion for a new trial, such error may be harmless if the trial court's denial of the motion for new trial is dispositive of the unavoidable delay issue. *Gilliam* at ¶ 11.

{¶7} In support of his argument that he was unavoidably prevented from filing his motion within fourteen days of the verdict, Jalowiec argues that he was unavoidably prevented from filing his motion because the basis for the motion–the Supreme Court's decision in *Hurst*– was not decided until twenty years after he was sentenced. However, in denying Jalowiec's motion for leave, the trial court did not consider the issue of whether the motion for leave contained clear and convincing proof that he was unavoidably prevented from filing his motion. Rather, the trial court explicitly disregarded the requirements of Crim.R. 33(B) and instead, partially considered the merits of Jalowiec's attached motion for a new mitigation trial. Specifically, the trial court stated that it "need not address" whether the motion for leave was untimely or barred by res judicata because the matter could be resolved by considering whether the Supreme Court of Ohio had upheld the propriety of Ohio's death penalty sentencing scheme in light of *Hurst* when it decided *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581. The trial court determined it did uphold the propriety of Ohio's death penalty sentencing scheme and denied Jalowiec's motion for leave on that basis alone.

{¶8} Although the trial court explicitly declined to consider Crim.R. 33(B), Jalowiec contends in his first assignment of error that his motion for leave set forth clear and convincing evidence that he was unavoidably delayed from presenting the basis for a new trial since the Supreme Court's decision in *Hurst* was not decided until twenty years after he was sentenced. In response, the State argues that the motion for leave was untimely because it was filed a year after the Supreme Court's decision in *Hurst*, or in the alternative, that Jalowiec could have challenged the constitutionality of Ohio's sentencing laws prior to the decision in *Hurst* by using existing case law as support since *Hurst* did not present new law. *See, e.g., State v. Mundt*, 7th Dist. Noble No. 17 NO 0446, 2017-Ohio-7771. Although neither Jalowiec nor the State address the fact that the trial court never ruled on this issue in their merit brief, the State urged this Court during oral argument to affirm the trial court's denial of Jalowiec's motion for leave to file a motion for a new mitigation trial since it is apparent from the record that the motion was untimely.

{¶9} Nevertheless, as a reviewing court, we decline to address in the first instance whether Jalowiec's motion for leave to file a motion for a new mitigation trial showed by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial on the basis outlined in his motion for leave as such a ruling would exceed our jurisdiction as an appellate court. *See Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12. Additionally, even assuming without deciding that the trial court correctly determined that the Supreme Court of Ohio decision in *Belton* upheld the propriety of Ohio's death penalty sentencing scheme in light of *Hurst*, we note that when the trial court denied Jalowiec's motion, the court overlooked Jaloweic's alternative argument that the application of Ohio's capital sentencing statute was unconstitutional *as applied in this case*. Consequently, we cannot

consider the trial court's error in not considering whether Jalowiec was unavoidably delayed in filing his motion harmless in this case. *See Gilliam*, 2014-Ohio-5476 at ¶ 11.

{¶10} Therefore, Jalowiec's first assignment of error is sustained.

## Assignment of Error II

**Ohio's capital sentencing statutes are unconstitutional and violate the Sixth Amendment right to trial by jury because they require the judge, not a jury, to make the factual determinations of the elements necessary to support a sentence of death.**

{¶11} In his second assignment of error, Jalowiec contends that Ohio's capital sentencing statutes are unconstitutional and violate the Sixth Amendment right to trial by jury because they require the judge, not a jury, to make the factual determinations of the elements necessary to support a sentence of death. Jalowiec further contends that the capital-sentencing scheme *as applied in this case* was unconstitutional due to the specific instructions given by the trial court to the jury. However, in light of our resolution of Jalowiec's first assignment of error we decline to address it.

### III.

{¶12} Jalowiec's first assignment of error is sustained and we decline to address his second assignment of error. Therefore, the judgment of the Lorain County Court of Common Pleas is reversed this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RICHARD A. CLINE, Senior Assistant Public Defender, and MICHELLE UMANA, Assistant Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.