[Cite as *State v. Jalowiec*, 2020-Ohio-4177.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 19CA011548 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STANLEY JALOWIEC | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 95CR046840 |

DECISION AND JOURNAL ENTRY

Dated: August 24, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Stanley Jalowiec, appeals the judgment entry of the Lorain County Court of Common Pleas denying his motion for a new mitigation trial. In light of the following, this Court affirms.

I.

{¶2} In 1996, Jalowiec was convicted of aggravated murder and sentenced to death. We previously summarized the lengthy and complex history of this case in *State v. Jalowiec*, 9th Dist. Lorain No. 17CA011166, 2019-Ohio-2059, ¶ 2-3:

> [T]he facts [underlying this case] have been previously set out in *State v. Jalowiec*, 9th Dist. Lorain No. 14CA010548, 2015-Ohio-5042, ¶ 7-18 and *State v. Jalowiec*, 91 Ohio St.3d 220, 220-224 (2001). The Supreme Court of Ohio affirmed Jalowiec's conviction and sentence of death. *Jalowiec*, 91 Ohio St.3d at 240. The appellate history also includes: *State v. Jalowiec*, 9th Dist. Lorain No. 96CA006445, 1998 WL 178554 (Apr. 15, 1998) [hereinafter "*Jalowiec Direct Appeal*"] (direct appeal; affirming conviction); *State v. Jalowiec*, 9th Dist. Lorain Nos. 01CA007844, 01CA007847, 2002 WL 358637 (Mar. 6, 2002) (appeal of dismissal of motion for postconviction relief and three subsequent amended motions for postconviction relief), appeal not accepted, 96 Ohio St.3d 1439, 2002-

Ohio-3344; *Jalowiec v. Bradshaw*, N.D.Ohio No. 1:03 CV 0645, 2008 WL 312655 (Jan. 31, 2008) (denial of petition for writ of habeas corpus); *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir.2011) (affirming denial of writ of habeas corpus); *Jalowiec*, 2015-Ohio-5042 (affirming denial of motion for new trial), appeal not accepted, 149 Ohio St.3d 1405, 2017-Ohio-2822.

In January 2017, Jalowiec filed a motion for leave to file a motion for a new mitigation trial pursuant to Crim.R. 33 and *Hurst v. Florida*, 136 S.Ct. 616 (2016). Attached to the motion was Jalowiec's proposed motion for a new mitigation trial. The State responded in opposition. The trial court ultimately denied the motion for leave to file the motion for a new mitigation trial.

**{¶3}** In his most recent prior appeal to this Court, Jalowiec argued that the trial court erred when it denied his motion for leave to file a motion for a new trial. This Court determined that the trial court had not ruled on Jalowiec's motion for leave. Instead, the trial court partially considered the merits of the motion for a new trial itself by denying the motion with respect to Jalowiec's argument that Ohio's death penalty sentencing scheme is unconstitutional pursuant to *Hurst*, but disregarding Jalowiec's alternative argument that Ohio's death penalty statute was unconstitutional as applied in this case.

**{¶4}** Upon remand, the trial court granted Jalowiec's motion for leave to file a motion for a new trial. Considering the merits of the motion, the trial court rejected Jalowiec's argument that Ohio's death-penalty scheme is unconstitutional in light of *Hurst*. The trial court also rejected Jalowiec's argument that *Hurst* provided a basis for asserting that Ohio's scheme is unconstitutional as applied in his case, and ruled that the argument was barred by the doctrine of res judicata.

**{¶5}** Jalowiec appealed the trial court's denial of his motion for a new trial and raised two assignments of error for our review. To facilitate our analysis, we consider his assignments of error in reverse sequence.

II.

## Assignment of Error II

**The trial court erred by denying Jalowiec's motion for a new mitigation trial because Ohio's death penalty scheme is unconstitutional based on *Hurst*.**

{¶6} In his second assignment of error, Jalowiec argues that the trial court erred when it denied his motion for a new mitigation trial. Citing to the United States Supreme Court's decision in *Hurst*, 136 S.Ct. at 616, Jalowiec contends that he was sentenced to death under a statutory scheme that violates the Sixth and Fourteenth Amendments of the United States Constitution. Although Jalowiec raised this issue to the trial court in a motion for a new trial pursuant to Crim.R. 33(1), (4), and (5), his argument on appeal focuses only on his claim that *Hurst* invalidates Ohio's capital sentencing scheme.

{¶7} Crim.R. 33 permits a defendant to move for a new trial when his substantial rights have been materially affected. The rule enumerates several grounds upon which a defendant may seek a new trial including, in pertinent part:

> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> * * *
>
> (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
>
> (5) Error of law occurring at the trial[.]

Crim.R. 33(A). Generally, a trial court's decision to grant or deny the underlying motion for a new trial is reviewed for an abuse of discretion. *State v. Gilliam*, 9th Dist. Lorain No.

14CA010558, 2014-Ohio-5476, ¶ 8, citing *State v. Jones*, 9th Dist. Summit No. 26568, 2013-Ohio-2986, ¶ 8. An abuse of discretion implies the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} As the basis for his motion for a new mitigation trial, Jalowiec cites to the United States Supreme Court's decision in *Hurst*, holding that "[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death." *Hurst*, 136 S.Ct. at 619. In addressing the merits of Jalowiec's motion, the trial court considered the decisions of several Ohio courts holding that *Hurst* does not apply to Ohio's capital sentencing scheme, and concluded that the Supreme Court of Ohio's decision to that effect in *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, is controlling. The trial court rejected Jalowiec's argument because Ohio's death penalty scheme differs from the Florida death penalty statute held unconstitutional in *Hurst*, and because Ohio's death penalty scheme "is not unconstitutional based upon the United States Supreme Court's ruling in *Hurst*." (Emphasis original.) In denying Jalowiec's motion for a new trial on these grounds, the trial court also noted that every Ohio court having "addressed a *Hurst* challenge to the constitutionality of Ohio's death penalty statutes has found the argument unpersuasive."

{¶9} In his merit brief, Jalowiec does not argue that the trial court abused its discretion in any manner specifically related to Crim.R. 33. Instead he contends that the trial court, in addition to the Supreme Court of Ohio, erred in interpreting *Hurst*. "When the question presented on appeal is strictly one of law, this Court applies a de novo standard of review." *State v. Prade*, 9th Dist. Summit No. 28193, 2018-Ohio-3551, ¶ 7. "A de novo review requires an independent review of the trial court's decision without any deference to [its] determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶10} In *Hurst*, the United States Supreme Court considered the constitutionality of Florida's capital sentencing statute and invalidated the statute because it limited the jury's role in sentencing to an advisory recommendation and did "not require the jury to make the critical findings necessary to impose the death penalty." *Hurst*, 136 S.Ct. at 622. The Supreme Court of Ohio has twice reviewed the *Hurst* decision as it relates to Ohio's capital sentencing scheme. On both occasions the Court determined that the basis upon which the *Hurst* Court found Florida's statute to be unconstitutional is not present in Ohio's statute. *Belton*, 2016-Ohio-1581; *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462.

{¶11} Rejecting a challenge to the constitutionality of Ohio's capital sentencing scheme, the Supreme Court of Ohio observed that, unlike the Florida statute at issue in *Hurst*, "[i]n Ohio, a capital case does not proceed to the sentencing phase until *after* the fact-finder has found a defendant guilty of one or more aggravating circumstances." *Belton* at ¶ 59. An Ohio "judge cannot impose a sentence of death unless the jury has entered a unanimous verdict for a death sentence." *Id*. The Court again considered the constitutionality of Ohio's death-penalty scheme under the holding of *Hurst* in *Mason*. In *Mason*, the Court found that, although "Ohio trial judges may weigh aggravating circumstances against mitigating factors and impose a death sentence[,]" they may do so "only after the jury itself has made the critical findings and recommended that sentence." *Mason* at ¶ 42. Accordingly, *Mason* held Ohio's statute does not violate the right to a trial by jury as guaranteed by the Sixth Amendment to the United States Constitution. *Id*.

{¶12} Jalowiec has not demonstrated error in the trial court's interpretation of the holding in *Hurst* nor in its application of the Supreme Court of Ohio's holdings in *Belton* and *Mason* as binding authority. Moreover, this Court is bound by the decisions in *Belton* and *Mason* that expressly reject the argument Jalowiec asks us to accept in support of his claim that he is entitled

to a new mitigation trial. Consequently, Jalowiec's argument regarding the applicability of *Hurst* to invalidate Ohio's death penalty fails as a matter of law. Thus, we conclude *Hurst* has no bearing on the mitigation phase of Jalowiec's trial, and the trial court did not err by denying his motion for a new trial.

{¶13} Jalowiec's second assignment of error is overruled.

## Assignment of Error I

**The trial court erred when it denied Jalowiec's motion for a new mitigation trial because Jalowiec proved Ohio's death penalty statute is unconstitutional as applied to his case. [ ].**

{¶14} In his first assignment of error, Jalowiec asserts that, after *Hurst*, it is unconstitutional to tell a jury that its sentencing verdict is only a recommendation. Jalowiec contends "*Hurst* teaches that advisory jury verdicts are insufficient to support a death sentence."

{¶15} Generally, we review a trial court's denial of a motion for a new trial for an abuse of discretion. *Gilliam*, 2014-Ohio-5476 at ¶ 8, citing *Jones*, 2013-Ohio-2986 at ¶ 8. However, Jalowiec contends that the trial court erred in its interpretation of law by finding that *Hurst* did not apply to the circumstances of his case and further erred in concluding that the argument he raised in his Crim.R. 33 motion for a new trial was barred by res judicata. Accordingly, this Court will apply a de novo standard of review to the issues Jalowiec raises strictly as a question of law. *Prade*, 2018-Ohio-3551 at ¶ 7.

{¶16} This is not the first time Jalowiec has argued to this Court that the trial court erred by telling the jury that its sentencing decision was only a recommendation. In his direct appeal, Jalowiec argued in his twelfth assignment of error "that the trial court erred by referring to the jury's decision in the penalty phase of the trial as a 'recommendation' during voir dire of the potential jurors, the guilt phase of the trial, the penalty phase, and in the court's instructions to the

jury during the penalty phase." *Jalowiec Direct Appeal*, 1998 WL 178554 at \*13. This Court noted that, "[i]n its instructions to the jury, the trial court told the jury:"

> \* \* \* It is going to be your responsibility at this point to decide which sentence to recommend to the Court regarding the alternative charges of Aggravated Murder with the specification.
>
> I have used the word recommend many times and the attorneys have used it, and I want to make sure that you understand that you are not to construe that word to diminish your responsibility in this matter. It is an awesome task, and the fact thadt [*sic*] the word recommend is used should not be considered by you to lessen your task.

*Id.* This Court recognized that Jalowiec failed to object to the trial court's penalty phase jury instructions below and had waived all but plain error with regard to the issue. *Id*. at \*11. Consequently, this Court overruled Jalowiec's assignment of error, holding that "'[t]he term "recommendation" accurately reflects Ohio law and does not diminish the jury's sense of responsibility. There is no error, plain or otherwise.'" *Id*. at \*13, quoting *State v. Moore*, 81 Ohio St.3d 22, 37 (1998).

{¶17} Jalowiec raised the argument again in his most recent motion for a new trial under the pretense of the holding in *Hurst* having some bearing on the issue. Initially, in its order overruling Jalowiec's motion for a new trial, the trial court found that Jalowiec's argument was barred by the doctrine of res judicata because his argument had been overruled in his direct appeal. Next, the trial court concluded Jalowiec's argument lacked merit because "there is nothing in the *Hurst* \* \* \* decision[] that suggest[s] that it is constitutionally problematic to inform potential jurors that the decision to impose death is a 'recommendation' to the court." The trial court stated that the Supreme Court of Ohio "has repeatedly held that references by the court or attorneys to death penalty "recommendations" is not constitutionally cognizable[,]" and concluded that the law on this point is the same today as it was at the time Jalowiec was tried and convicted.

{¶18}  In his merit brief, Jalowiec contends the "unique circumstances of [his] case make his death sentence unconstitutional after *Hurst*."  As we indicated in the previous assignment of error, the Supreme Court of Ohio has already determined that *Hurst* does not apply to Ohio's capital sentencing scheme.  *Belton*, 2016-Ohio-1581 at ¶ 58-59; *Mason*, 2018-Ohio-1462 at ¶ 19-21.  Still, in support of his argument, Jalowiec cites to the holding in *Hurst*: "The Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death. A jury's mere recommendation is not enough."  *Hurst*, 136 S.Ct. at 619.  Focusing on the "mere recommendation" phrase, Jalowiec argues the holding of *Hurst* is implicated by the fact that the jury in his case "[f]rom voir dire to jury deliberations" was repeatedly told that their sentencing verdict was a recommendation, and the trial judge would "ultimately decide what sentence to impose."

{¶19}  As it pertains to the process in Ohio, and the circumstances of his particular case, Jalowiec misconstrues the statement in *Hurst* that a "jury's mere recommendation is not enough[,]" *Hurst* at 619, and asks this Court to consider it out of context.  In *Hurst*, the United States Supreme Court deemed the Florida statute under review unconstitutional because it "required the jury to render an 'advisory sentence' after hearing the evidence in a sentencing-phase proceeding[.]"  *Mason* at ¶ 31.  Specifically, the United States Supreme Court held that the Florida scheme violated "violated the Sixth Amendment because it did not require the jury to find that [a defendant] was guilty of committing a specific aggravating circumstance."  *Id*.  However, *Hurst* did not create a requirement under the Sixth Amendment that the jury alone must decide whether a sentence of death will be imposed.

{¶20}  *Hurst* did not touch on the issue Jalowiec has raised here: whether it is constitutionally problematic to inform a jury that their decision regarding sentencing is a

recommendation. In contrast to the Florida statute, Ohio "requires a jury to find the defendant guilty beyond a reasonable doubt of at least one aggravating circumstance, R.C. 2929.03(B), before the matter proceeds to the penalty phase, when the jury can recommend a death sentence." *Id*. at ¶ 32. *Hurst* simply made clear that the Sixth Amendment requires that a jury must make the specific and critical finding that the defendant is eligible for the death penalty *before the jury can recommend* that the defendant be sentenced to death. *See id*. at ¶ 32. After the jury makes its sentencing recommendation, Ohio judges are then required to find, independent of the jury's recommendation, whether a death sentence should be imposed. This step operates as a "safeguard" because a judge cannot find additional aggravating circumstances or increase the sentence beyond the jury's recommendation. *Id*. at ¶ 40. The authority of Ohio trial judges to weigh aggravating circumstances with mitigating factors is derived "wholly from the jury's verdict" and, therefore, Ohio's process is appropriate within the framework of the Sixth Amendment. *Mason* at ¶ 42. Nothing in our reading of *Hurst* supports Jalowiec's argument that it declared it unconstitutional to inform the jury that their sentencing decision was a recommendation. Thus, we conclude, *Hurst* had no bearing on Jalowiec's "as-applied" argument in his motion for a new trial.

{¶21} Because *Hurst* breathes no new life into the issue of the constitutionality of informing an Ohio jury that its decision as to whether a defendant should be sentenced to death is a recommendation, Jalowiec has not identified a meritorious basis to revisit this issue. Absent *Hurst*—the sole alleged basis for Jalowiec's motion for new trial—the underlying issue was already decided on direct appeal. *Jalowiec Direct Appeal*, at *13. Therefore, we conclude that the trial court did not abuse its discretion by concluding that *Hurst* did not apply to Jalowiec's as-applied argument, nor did the court err by concluding that the argument was barred by res judicata.

{¶22} Jalowiec's first assignment of error is overruled.

III.

{¶23} Jalowiec's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICHARD A. CLINE, Senior Assistant Public Defender, and MICHELLE UMANA, Assistant Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.