[Cite as *State v. Jackson*, 2018-Ohio-2318.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-863 |
| v. | : | (C.P.C. No. 97CR-1902) |
| Kareem M. Jackson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 14, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

**On brief:** *Timothy Young,* Ohio Public Defender, *Kathryn L. Sandford,* and *Randall L. Porter,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Kareem M. Jackson, appeals from the decision of the Franklin County Court of Common Pleas that denied his motion for leave to file a new motion for a mitigation trial under Crim.R. 33. We affirm the decision of the trial court.

{¶ 2} In 1998, Jackson was sentenced to death for the aggravated murders of Terrence Walker and Antonio Hunter. Jackson also received sentences of incarceration for convictions on multiple counts of kidnapping, aggravated robbery, and felonious assault. His convictions were affirmed on direct appeal. *State v. Jackson*, 92 Ohio St.3d 436 (2001). Jackson subsequently, and unsuccessfully, pursued relief through postconviction review in state court and a petition for habeas corpus in federal court. *State v. Jackson*, 10th Dist. No. 01AP-808, 2002-Ohio-3330; *Jackson v. Bradshaw*, 681 F.3d 753 (6th Cir.2012).

{¶ 3} On January 11, 2017, Jackson filed a motion in the trial court for leave to file a motion for a new mitigation trial under Crim.R. 33. He argued that the decision of the

United States Supreme Court in *Hurst v. Florida*, \_\_\_\_U.S.\_\_\_\_, 136 S.Ct. 616 (2016), had rendered Ohio's death penalty statute unconstitutional under the Sixth and Fourteenth Amendments because Ohio's statute allows a judge to engage in independent fact finding after a jury's recommendation of a sentence of death. Thus, Jackson believed that the sentence he received was both contrary to law and based on insufficient factual findings, entitling him to a new mitigation trial under Crim.R. 33(A).

{¶ 4}   The trial court disagreed and denied Jackson's motion. (Nov. 7, 2017 Decision and Entry.) Jackson appealed, asserting the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED KAREEM JACKSON'S MOTION FOR LEAVE TO FILE HIS MOTION FOR A NEW MITIGATION TRIAL.

{¶ 5}   In Jackson's briefing, he noted that the precise issue he raised as grounds for relief was pending before the Supreme Court of Ohio in *State v. Mason*, S.Ct. No. 2017-0200. Accordingly, we stayed these proceedings until the opinion in that case was issued.

{¶ 6}   The Supreme Court rendered its decision in *State v. Mason* on April 18, 2018. *State v. Mason*, \_\_\_\_Ohio St.3d \_\_\_\_, 2018-Ohio-1462. In *Mason,* the Supreme Court held that Ohio's death penalty statute, R.C. 2929.03 through 2929.04, did not violate the Sixth or Fourteenth Amendments to the United States Constitution under *Hurst. Id.* at ¶ 29-43. The Supreme Court distinguished Ohio's statute from the Florida death penalty statute that *Hurst* held was unconstitutional:

> In *Hurst,* the court held that the Florida scheme violated the Sixth Amendment because it did not require the jury to find that Hurst was guilty of committing a specific aggravating circumstance. *Hurst* at \_\_\_\_, 136 S.Ct. at 622, 624.
>
> Ohio law, in contrast, requires a jury to find the defendant guilty beyond a reasonable doubt of at least one aggravating circumstance, R.C. 2929.03(B), before the matter proceeds to the penalty phase, when the jury can recommend a death sentence. Ohio's scheme differs from Florida's because Ohio requires the jury to make this specific and critical finding.

*Id.* at ¶ 31-32.

{¶ 7}   In addition, *Mason* rejected the argument that Ohio's death penalty statute allows a trial court judge to engage in independent fact-finding to determine whether the death penalty can be imposed: "Ohio does not permit the trial judge to

find *additional* aggravating facts but requires the judge to determine, independent of the jury, whether a sentence of death *should* be imposed." *Id.* at ¶ 39, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 160. In Ohio:

> [T]rial judges may weigh aggravating circumstances against mitigating factors and impose a death sentence only after the jury itself has made the critical findings and recommended that sentence. Thus, "the judge's authority to sentence derives wholly from the jury's verdict." [*Blakely v. Washington*, 542 U.S. 296, 306 (2004).] Under Ohio's death-penalty scheme, therefore, trial judges function squarely within the framework of the Sixth Amendment.

*Id.* at ¶ 42.

{¶ 8} We are bound by the Supreme Court's opinion in *Mason*, which rejects the same arguments raised by Jackson and affirms the constitutionality of Ohio's death penalty statute under the Sixth and Fourteenth Amendments. Accordingly, we overrule Jackson's sole assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

————————————