[Cite as *State v. Skatzes*, 2019-Ohio-3590.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28212 |
| | : | |
| v. | : | Trial Court Case No. 94-CR-2890 |
| | : | |
| GEORGE SKATZES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2019.

. . . . . . . . . .

MARK E. PIEPMEIER, Atty. Reg. Nos. 0002166, 0006894P, Montgomery County Special Prosecutor, 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202
     Attorney for Plaintiff-Appellee

JOSEPH E. WILHELM, Atty. Reg. Nos. 0055407, 0051928, Assistant Federal Public Defender, 1660 West Second Street, Suite 750, Cleveland, Ohio 44113
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} George Skatzes appeals from the trial court's October 19, 2019 order denying his successive petition for postconviction relief and granting the State's motion to dismiss that petition.   We hereby affirm the judgment of the trial court.

{¶ 2} This Court previously set forth the procedural history of this case as follows:

In 1995, George Skatzes was found guilty of three counts of aggravated murder arising out of an eleven-day inmate riot and siege at the Southern Ohio Correctional Facility in Lucasville. The riot occurred in April 1993. Skatzes was convicted of killing two other inmates, Earl Elder and David Sommers, and a corrections officer, Robert Vallandingham. He was sentenced to death for Elder's and Sommers' murders and to life imprisonment for Vallandingham's murder. Skatzes was also found guilty of three counts of kidnapping, for which he received three concurrent sentences of fifteen to twenty-five years.

Skatzes appealed from his conviction and sentence. In 2003, we affirmed his conviction on the three aggravated murders and two of the kidnappings, and we affirmed the imposition of the death penalty. We vacated Skatzes' conviction on the third kidnapping. *State v. Skatzes,* Montgomery App. No. 15848, 2003-Ohio-516.

While an appeal to the Supreme Court of Ohio was pending, Skatzes filed a petition for postconviction relief.   In 2004, the supreme court affirmed his conviction and sentence. *State v. Skatzes,* 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215. In January 2007, Skatzes filed a motion for new trial based on new evidence. In July 2007, the trial court denied

Skatzes' petition for postconviction relief without a hearing. In October 2007, the trial court overruled Skatzes' motion for a new trial.

*State v. Skatzes*, 2d Dist. Montgomery Nos. 22322, 22484, 2008-Ohio-5387, ¶ 2-4 (overruling 12 assignments of error related to the denial of his petition for postconviction relief and three assignments of error related to the denial of his motion for a new trial.)

**{¶ 3}** In Skatzes's petition, he asserted that his death sentence should be vacated based upon *Hurst v. Florida*, __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). He argued that, first, his death sentence violated the Sixth and Fourteenth Amendments because "the jury did not make the necessary, specific, factual findings as required under" *Hurst*, and second, his "death sentence must be vacated because the Ohio Capital sentencing scheme in effect when [he] was tried violates the newly created right of plenary jury fact-finding required by" *Hurst.*

**{¶ 4}** In denying his petition, the trial court noted as follows:

Recently, the Ohio Supreme Court held that Ohio's death penalty scheme does not run afoul of *Hurst*. In *State v. Mason*, [153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56], the Ohio Supreme Court affirmed a decision by the Third District Court of Appeals holding that a trial court erred by finding that the Ohio capital sentencing structure was unconstitutional under *Hurst. Id.* at ¶ 3-4. In upholding Ohio's capital sentencing scheme, the Ohio Supreme Court stated that it passes constitutional muster under *Hurst* because it places responsibility for making all factual determinations regarding whether a defendant should be sentenced to death with the jury.

**{¶ 5}** The trial court quoted *Mason* as follows:

When an Ohio capital defendant elects to be tried by a jury, the jury decides whether the offender is guilty beyond a reasonable doubt of aggravated murder and—unlike the juries in [*Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)] and *Hurst* - the aggravating-circumstance specifications for which the offender was indicted. R.C. 2929.03(B). Then the jury - again unlike in *Ring* and *Hurst* - must "unanimously find[ ], by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors." R.C. 2929.03(D)(2). An Ohio jury recommends a death sentence only after it makes this finding. *Id.* And without that recommendation by the jury, the trial court may not impose the death sentence.

Ohio law requires the critical jury findings that were not required by the laws at issue in *Ring* and *Hurst. See* R.C. 2929.03(C)(2). Ohio's death-penalty scheme, therefore, does not violate the Sixth Amendment. Mason's various arguments to the contrary misapprehend both what the Sixth Amendment requires and what it prohibits.

*Mason* at ¶ 20-21.

{¶ 6} Skatzes asserts the following assignment of error herein:

APPELLANT'S DEATH SENTENCE VIOLATES THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE THE JURY DID NOT MAKE NECESSARY, SPECIFIC, FACTUAL FINDINGS AS REQUIRED UNDER *HURST V.*

*FLORIDA*, __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).

**{¶ 7}** Skatzes notes in his brief that he filed a petition for habeas corpus in the United States District Court for the Southern District of Ohio on April 5, 2010, in *Skatzes v. Smith*, No. 3:09-cv-00289, Doc. 25, and that his habeas case is pending before Judge Timothy S. Black. Skatzes acknowledges that *Mason* "is binding authority for this appeal" and that this court must follow it. Skatzes appeals the trial court's denial "of his *Hurst* claim only to exhaust it for the possibility of review of his claim in the federal courts."

**{¶ 8}** The State responds that the Ohio Supreme Court's determination that Ohio's death-penalty scheme remains constitutional post-*Hurst* is dispositive of this appeal, and that the denial and dismissal of Skatzes's petition should be affirmed.

**{¶ 9}** Since we are bound to follow the Ohio Supreme Court judgment in *Mason*, Skatzes's assigned error is overruled.

**{¶ 10}** The judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mark A. Piepmeier
Joseph E. Wilhelm
Hon. E. Gerald Parker, Jr.