[Cite as *State v. Short*, 2020-Ohio-5034.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                        :
                                     :
        Plaintiff-Appellee           :   Appellate Case No. 28696
                                     :
v.                                   :   Trial Court Case No. 2004-CR-2635
                                     :
DUANE ALLEN SHORT                    :   (Criminal Appeal from
                                     :   Common Pleas Court)
        Defendant-Appellant          :
                                     :

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of October, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant
Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division,
Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIMBERLY S. RIGBY, Atty. Reg. No. 0078245 and ERIKA M. LAHOTE, Atty. Reg. No.
0092256, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400,
Columbus, Ohio 43215
        Attorneys for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Duane Allen Short appeals from a judgment of the Montgomery County Court of Common Pleas, which found that it was without jurisdiction to consider Short's motion for a new mitigation trial. The trial court incorrectly concluded that it lacked jurisdiction. However, Short is not entitled to a new mitigation trial under the authority of *Hurst v. Florida*, 577 U.S. 92 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). Thus, the trial court's judgment will be affirmed.

### Facts and Procedural History

{¶ 2} In 2004, Short was indicted for the aggravated murders of Rhonda Short, his estranged wife, and Donnie Sweeney. The murder indictments included aggravating circumstance specifications. The jury found Short guilty of the aggravated murders and the aggravating circumstance specifications. Further, following deliberations regarding the specifications, the jury unanimously found that the aggravating circumstances outweighed the mitigating factors, and therefore the jury recommended a death sentence. The trial court adopted the jury's recommendation and sentenced Short to death. Short's conviction and sentence were affirmed on direct appeal. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121.[1]

{¶ 3} In January 2017, Short filed a motion styled as a "* * * Motion For Leave To File A Motion For A New Mitigation Trial Pursuant To Criminal Rule 33 And *Hurst v. Florida*, And To Deem The Attached Motion Filed Instanter[.]" Attached to the motion was a copy of the proposed motion seeking a new mitigation trial. In July 2017, the trial court sustained Short's motion for leave to file a motion for a new mitigation trial. The

---

[1] In 2014, Short filed a petition seeking post-conviction relief, which was denied by the trial court. This court affirmed the trial court's decision. *State v. Short*, 2d Dist. Montgomery No. 27399, 2018-Ohio-2429.

trial court's order stated that "[Short] must file his motion for New Trial in a timely manner as provided by law."

**{¶ 4}** Thereafter, Short did not file a motion for a new trial with the Montgomery County Clerk of Courts. The parties, in December 2019, filed a motion styled as a "Joint Motion for Ruling on Motion for New Mitigation Trial[.]" The joint motion noted the trial court had conducted a telephone status conference with counsel during which Short's attorneys informed the trial court that they "had assumed that attaching the Motion for New Trial to the Motion for Leave was sufficient for filing purposes." On December 30, 2019, the trial court filed a decision and order concluding that "Crim.R. 33(B) * * * requires that any motion for new trial be filed within seven days <u>after</u> a defendant is granted leave to file said motion. Short failed to file any motion for a new trial <u>after</u> the court granted him leave, and, as such, there is no timely motion for a new mitigation trial before this court, and the court lacks jurisdiction to consider an untimely motion for a new mitigation trial." (Emphasis sic.) Based upon this jurisdictional conclusion, the trial court overruled Short's motion seeking a new mitigation trial. The trial court also noted that if the motion had been timely filed, it would have been overruled under the authority of *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56.

**{¶ 5}** Short appeals.

### Trial Court's Jurisdiction to Decide Motion for New Mitigation Trial

**{¶ 6}** As noted, the trial court concluded it was without jurisdiction to decide Short's

motion seeking a new mitigation trial because, in contravention of Crim.R. 33(B),[2] Short did not file a motion for a new mitigation trial within seven days of the trial court's decision and order granting leave to file the motion.

{¶ 7} Crim.R. 45(B) states in relevant part that a "court may not extend the time for taking any action under Rule 23, Rule 29, Rule 33, and Rule 34 except to the extent and under the conditions stated in them." It seems that this language supports the trial court's jurisdictional conclusion. But the Ohio Supreme Court's decision in *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992 suggests otherwise.

{¶ 8} In *Ross,* the Ohio Supreme Court considered whether a trial court is without jurisdiction to "reconsider a timely made, but previously denied, motion for acquittal pursuant to Crim.R. 29(C), if the defendant after the 14 day deadline in that rule, renews the motion." *Id.* at ¶ 12. *Ross* concluded that the Crim.R. 29(C)[3] time limitations are appropriately characterized as "a rigid claim-processing rule" as opposed to a jurisdictional bar. *Id.* at ¶ 30.[4]

---

[2] Crim.R. 33(B) states in pertinent part: "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."

[3] Crim.R. 29(C) states in pertinent part: "If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. * * *

[4] *Ross* ultimately concluded that, although not a jurisdictional bar, "the strict time limitations in Crim.R. 29 and 45(B) * * * do not permit a defendant to renew, outside Crim.R.29(C)'s limited time frame, [a motion] for acquittal when the motion has been

**{¶ 9}** In reaching this conclusion, the supreme court discussed and relied upon *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). In that case, Eberhart filed a supplemental memorandum in support of a pending motion for a new trial under Fed.R.Crim.P. 33. The supplemental memorandum raised new grounds for the relief sought; thus, the supplemental memorandum constituted a new but untimely motion as to the newly raised grounds. The government did not object to the newly asserted grounds for a new trial as being untimely, but, instead, contested these grounds on the merits. The district court granted a new trial in part upon the basis of the untimely asserted grounds for relief. The Seventh Circuit reversed, concluding that the district court was without jurisdiction to consider the untimely asserted grounds for a new trial. The Supreme Court then reversed the Seventh Circuit's judgment, stating:

> Rule 33, like Rule 29 * * *, is a claim-processing rule -- one that is admittedly inflexible because of [Fed.R.Crim.P.] 45(b)'s insistent demand for a definite end to proceedings. These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them. Here, where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited the defense.

*Eberhart* at ¶ 19.

**{¶ 10}** Consistent with *State v. Ross*, we conclude that Crim.R. 33(B) and Crim.R. 45(B) do not impose a jurisdictional bar that absolutely prevents a court from considering an untimely motion for a new trial. Instead, Crim.R. 33(B) and Crim.R. 45(B) create a

previously denied." *Id.* at ¶ 40.

"rigid claim-processing rule" that must be enforced if properly raised.   *Ross,* 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, at ¶ 30.

**{¶ 11}** Given this conclusion, the trial court had jurisdiction to consider Short's motion for a new mitigation trial.   The issue, then, is whether the State properly raised the defense that Short's motion was not timely filed.   We conclude, under the unique circumstances of this case, that the defense was not raised and, as such, was waived.

**{¶ 12}** We reach this conclusion based upon the following language from the Joint Motion requesting the trial court to rule on Short's motion:

> Without waiving any defenses on behalf of either party as to the timeliness of the filing of Short's Motion for New Mitigation Trial or to the merits of the Motion for New Mitigation Trial or otherwise, the undersigned Assistant State Public Defenders, Kim Rigby and Erika LaHote, along with the undersigned Assistant Prosecuting Attorneys, Leon J. Daidone and Andrew T. French, jointly request that this Court rule on the Motion for New Mitigation Trial.   The parties request that this Court rule on the Motion for New Mitigation Trial without affording further briefing to either party.   All counsel also stipulates that the Ohio Supreme Court's decision in *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462 controls this case.

This language requests a ruling on the merits, recognizing, however, that the trial court had to overrule the motion based upon Ohio Supreme Court case law.   We recognize that the joint motion includes the statement that timeliness defenses were not being waived.   But the State did not assert a timeliness objection, and this, in conjunction with the joint request for a ruling on the merits, leads to our waiver conclusion.   Thus, the trial

court was not precluded by the rigid claims-processing rule from addressing the merits of Short's new trial motion.

**Merits Discussion**

{¶ 13} Although the trial court concluded that it was without jurisdiction to consider Short's motion, it noted that the motion was substantively without merit based upon *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56. The trial court's assessment was correct.

{¶ 14} Short claims a right to a new mitigation trial under the authority of *Hurst v. Florida,* 577 U.S. 92 136 S.Ct. 616, 193 L.Ed.2d 504, which found that Florida's capital sentencing structure violated the Sixth Amendment. The United States Supreme Court "determined that Florida's death penalty scheme violated the Sixth Amendment [right to a jury] because it required the trial judge, not the jury, to find an aggravating circumstance that made [the] defendant death penalty eligible; thus, the jury was removed from the critical finding necessary for imposition of the death penalty." *State v. Chinn*, 2d Dist. Montgomery No. 28345, 2020-Ohio-43, ¶ 14, citing *Hurst* at 622.

{¶ 15} In *Mason*, the Ohio Supreme Court concluded that Ohio's death penalty scheme does not suffer from the problem present in *Hurst* because, in Ohio, the jury is required to find the defendant guilty of the aggravating circumstance specification necessary for death penalty eligibility. *Mason* at ¶ 20. Given this, Short was not entitled to a new mitigation trial under the authority of *Hurst*. The trial court's result was correct, albeit for a different reason.

**Conclusion**

{¶ 16} For the discussed reasons, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kimberly S. Rigby
Erika M. LaHote
Hon. Mary Katherine Huffman